IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff,**<br><br>    v.<br><br>**$34,367.00 IN UNITED STATES FUNDS,**<br>    **Defendant Property.** | **CASE NO.:** |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1.      This is a civil action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: thirty-four thousand, three hundred sixty-seven dollars ($34,367.00) in United States funds, (hereinafter referred to as the "Defendant Property").

### *The Defendant in Rem*

2. The Defendant Property consists of a total of thirty-four thousand, three hundred sixty-seven dollars ($34,367.00) in United States funds, and was seized from a 2014 black BMW 335i GT registered to Lakeisha Lynn Mann and driven by Reginald Maddox, on or about January 23, 2023, at SR-155 located at Henry Parkway Connector, McDonough, Henry County, Georgia. The Defendant Property is presently in the custody of the United States Marshals Service, having been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(B) and 28 U.S.C. § 1395(a) and (c) because acts or omissions giving rise to the forfeiture accrued in and the Defendant Property was brought into this District. Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(B) and 28 U.S.C. § 1395(a) and (c) because acts or omissions giving rise to the forfeiture accrued in and the Defendant Property was brought into the Middle District of Georgia.

6.      After the seizure of the Defendant Property, the United States Department of Justice, Drug Enforcement Administration ("DEA"), began administrative forfeiture proceedings.  On or about September 29, 2023, Reginald Maddox, filed an administrative claim through counsel, Suesan Miller Esq., Miller, North & Brill PC, 80 Macon Street, McDonough, Georgia 30253, for the Defendant Property with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7.      The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8.      Since July 2022, agents with the DEA Macon Resident Office and investigators with the Lamar County Sheriff's Office have been investigating the illegal drug activities of Reginald Maddox ("Maddox") and other members of his drug trafficking organization which is responsible for distributing large amounts of powder cocaine and crack cocaine in the Middle District of Georgia.

9.      On January 26, 2023, at the request of DEA, but with independent probable cause, Officer Sorrows and Officer Pena with the Henry County Police Department ("HCPD"), conducted a traffic stop of Maddox at approximately 3:10 p.m. for a window

tint violation at SR-155 located at Henry Parkway Connector, McDonough, Henry County, Georgia. Maddox was driving a black 2014 BMW 335i GT.

10. A registration check of the vehicle revealed that it was registered to Maddox' wife, Lakeisha Lynn Mann.

11. Upon approaching the vehicle, Officer Pena made contact with Maddox who was the sole occupant of the vehicle. Officer Pena explained the stop to Maddox and asked him for his driver's license.

12. After providing his driver's license and vehicle information, Officer Pena asked Maddox to exit the vehicle while being issued a written warning for the equipment violation.

13. Officer Palmer with the HCPD responded to the location of the traffic stop and assisted Officers Sorrow and Pena by providing a tint meter.

14. While speaking to Maddox, Officer Pena observed that Maddox appeared to be nervous and was visibly shaking. Officer Sorrows also observed Maddox visibly shaking as he walked back to his patrol vehicle while Officer Pena began issuing the written warning.

15. When Officer Sorrows asked Maddox for consent to search the vehicle, Maddox asked Officer Sorrows why he wanted to search the vehicle. Officer Sorrows explained to Maddox that it was Maddox' right to provide or deny consent. When Officer Sorrows asked Maddox a second time for consent to search the vehicle, Maddox continued to ask why.

16. While Officer Pena was writing the written warning, Sergeant Torbush with the HCPD, utilized a dog trained to detect the odor of certain controlled substances ("K-9"), to conduct a free air sweep of the vehicle. The K-9 gave a positive alert to the odor of narcotics on the front driver, rear driver, front passenger, and rear passenger doors of the vehicle.

17. During a probable cause search of the vehicle, Officer Sorrows located a single shoulder strap Louis Vuitton bag in the front passenger seat containing a large amount of United States currency. Maddox informed Officer Sorrows that he had approximately thirty-one thousand dollars ($31,000.00) in his possession. Under the Louis Vuitton bag, a black plastic bag was located with approximately four (4) ounces of suspected crack cocaine inside.

18. Maddox was arrested for Trafficking in Cocaine, Illegal Drugs and Marijuana or Methamphetamine. An additional amount of United States currency was found on Maddox' person.

19. The currency and suspected crack cocaine was seized and transported to the HCPD. Upon arrival at the HCPD, the suspected crack cocaine was weighed at approximately 123.3 grams/4.3 ounces and analyzed with TruNarc devices testing positive for the presence of cocaine.

20. After his arrest, Special Agent Vanderberg with the DEA and other law enforcement officers interviewed Maddox. SA Vanderberg advised Maddox of his Miranda Rights, and he agreed to speak voluntarily without an attorney present. During the interview Maddox admitted to having cocaine and marijuana stored at his apartment

(1312 Crossings Boulevard, McDonough, Georgia) and at least one (1) pound of marijuana at his residence (201 Sophie Circle, Locust Grove, Georgia). Maddox also claimed the currency was his, and it was the money he had saved from cutting hair.

21. A search warrant was subsequently conducted at Maddox's apartment located at 1312 Crossings Boulevard, McDonough, Georgia, which resulted in the seizure of approximately seven (7) pounds of suspected marijuana, approximately eight (8) ounces of suspected powder cocaine, and two (2) vials of suspected steroids.

22. A search warrant was also conducted at Maddox's residence located at 201 Sophie Circle, Locust Grove, Georgia, which resulted in the seizure of more than a pound of suspected marijuana, and two (2) more vials of suspected steroids along with a money counter located in a bedroom within the residence.

23. The Defendant Property seized by the HCPD consisted of twenty-eight thousand, five hundred eighty dollars ($28,580.00) in United States currency found inside a Louis Vuitton bag and five thousand, seven hundred eighty-seven dollars ($5,787.00) found on Maddox's person, for a total sum of thirty-four thousand, three hundred sixty-seven dollars ($34,367.00).

*Conclusion*

24. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a

violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 28th day of December, 2023.

        PETER D. LEARY
        UNITED STATES ATTORNEY

BY:  */s/ Michael P. Morrill*
       MICHAEL PATRICK MORRILL
       Assistant United States Attorney
       Georgia Bar Number: 545410
       United States Attorney's Office
       Middle District of Georgia
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone: (478) 752-3511
       Facsimile: (478) 621-2655
       E-mail: Michael.Morrill@usdoj.gov